(No. 2480—

HARRY P. KELLER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 12, 1936.*

JOHN P. SNIGG, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For some time prior to January 31st, 1934 claimant was a Civil Service employee of the respondent, and was working as a carpenter at the Jacksonville State Hospital under the Department of Public Welfare. His wages were $6.00 a day and he worked five days a week.

On January 31st, 1931 he was served with a notice of discharge, together with a statement of the cause therefor, to-wit, the reduction of institutional expenditures. On February 28th, 1931 a copy of such statement was filed in the office of the Civil Service Commission with a notation thereon showing proof of service of a copy of said statement upon the claimant.

Claimant contends that his discharge was not effective until February 28th, 1931, and that therefore he is entitled to his wages during the period which elapsed from January 31st, 1931 to February 28th, 1931, to-wit, $126.00; and bases his contention on the second paragraph of Section 12 of an Act entitled "An Act to Regulate the Civil Service of the State of Illinois", commonly known as the State Civil Service Act, Smith-Hurd Revised Statutes, 1933, Chapter 24½, which reads as follows:

"In every case of removal, discharge or reduction, a statement of the cause therefor shall be set forth in writing, which statement shall be in duplicate, and shall be signed by the appointing officer. One copy of said statement shall be delivered personally to the employee and the other copy of said statement shall be filed in the office of the Civil Service Commission, with a notation thereon showing proof of service of a copy of said statement upon the employee. Upon the filing of a copy of said statement with the notation aforesaid, in the office of the Civil Service Commission, the removal, discharge or reduction shall immediately become effective."

The Attorney General contends that under the provisions of said Section 12 of the Civil Service Act, claimant's discharge was effective immediately upon service of notice thereof upon him, and that he is not entitled to recover anything whatsoever in this proceeding. However, from the view we take of the case, it is unnecessary to determine the effective date of claimant's discharge.

By agreement of parties, the claim is submitted on the complaint and the report of A. L. Bowen, Director of the Department of Public Welfare. The complaint alleges that claimant tendered his services on divers occasions between January 31st and February 28th, 1934 and that he stood ready and willing at all times to render such services.

The report of the Director of Public Welfare sets forth that claimant "accepted the notice of January 31st, 1934, and left the service of the State of Illinois. At no time between January 31st and February 28th, did he tender his services."

Sections 29 and 30 of the Civil Service Act read as follows:

"Sec. 29. No treasurer, paying, fiscal or auditing officer of State shall approve the payment of, or be in any manner concerned in paying any salary or wages to any person for services, as an officer or employee in the service of the State, unless such person is occupying an office or place of employment according to the provisions of law, and is actually performing the duties thereof, and is entitled to payment therefor.

"Sec. 30. No paymaster, treasurer, or other officer or agent of the State shall wilfully pay, or be in any manner concerned in paying any person any salary or wages for services as an officer or employee of the State, unless such person is occupying an office or place of employment according to the provisions of law, and is actually performing the duties thereof, and is entitled to payment therefor."

We have no authority to allow any claim which the Auditor is prohibited from approving or the Treasurer from paying. Consequently it was incumbent upon the claimant under his own view of the case, to establish by the greater weight of the evidence, not only that he was in the employ of the respondent, but also that he either performed the duties of his position during the time for which he seeks payment, or that he tendered the performance thereof and such tender was refused. Claimant has failed to make the necessary proof in that behalf, and therefore we have no authority to enter an award. Award denied. Case dismissed.